IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

          Plaintiff,                                   **No. 1:18-CR-00338-MC**

          v.

                                              OPINION AND ORDER

**GHARRETT PAUL PARKER,**

          Defendant.

_____

**MCSHANE, Judge**:

Defendant Gharrett Parker moves to reduce his sentence under 18 U.S.C. § 3582(C)(1)(A)(i). Def.'s Mot. Reduce Sent. 2, ECF No. 332. Because Mr. Parker does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court DENIES the motion.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

1 – OPINION AND ORDER

(iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Congress delegated the Sentencing Commission with defining "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). Currently, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (concluding that consideration of the guideline statement is appropriate when considering a motion for compassionate release).

## **DISCUSSION**

The Court sentenced Mr. Parker to 110 months for one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin. J. 1-2, ECF No. 309. Mr. Parker has served 48 months of his sentence and has a projected release date of May 23, 2026. Def.'s Mot. Reduce Sent. 2. He now requests compassionate release from BOP custody at FCI Sheridan, Oregon. *Id.*

The primary criterion for granting compassionate release is the existence of an extraordinary and compelling reason; Mr. Parker has failed to meet this burden. In most cases, general health risks associated with COVID-19 are not extraordinary and compelling reasons. *E.g.*, *United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (citing Ninth Circuit cases holding the same). Mr. Parker is 37 years old and suffers from obesity,

hypertension, and asthma. Ex. 1, 5-6, ECF No. 332. While these health concerns do put Mr. Parker

at an increased risk from COVID-19, they are not enough to meet the bar of extraordinary and

compelling circumstances. The Court has an obligation to remain consistent. Mr. Parker's health

concerns are neither vastly different nor more severe than what other inmates have alleged and

subsequently been denied release.

Furthermore, Mr. Parker, since sentencing, has been offered the COVID-19 vaccine twice,

and he refused to receive it both times. *Id.* at 42. Vaccination significantly reduces the risk that

one will contract COVID-19 or become severely ill due to the virus. *See generally COVID-19*

*Vaccine Effectiveness Monthly Update*, CENTERS FOR DISEASE CONTROL AND PREVENTION,

https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last visited Aug. 29, 2022)

("Being up to date on COVID-19 vaccination provides strong protection against severe disease,

hospitalization, and death in all age groups."). Mr. Parker's refusal to receive the vaccination,

coupled with his lack of explanation as to why, makes it exceedingly difficult to conclude that his

risk of contracting COVID-19 is an extraordinary and compelling reason for release. *See United*

*States v. Miller*, No. 3:18-cr-00139-BLW, 2021 WL 3669314, at *2 (D. Idaho Aug. 18, 2021)

("District courts in the Ninth Circuit have, however, found that the refusal of a COVID-19

vaccination undercuts requests for compassionate release.").

Mr. Parker also argues that the lockdown conditions at FCI Sheridan, due to the COVID-

19 pandemic, create an extraordinary and compelling reason. Def.'s Mot. Reduce Sent. 14. The

Court disagrees. Mr. Parker has failed to illustrate how FCI Sheridan's alleged harsh conditions

create an extraordinary and compelling reason for his specific release rather than the release of all

prisoners. "Every prisoner in . . . BOP facilities is subject to the similar conditions brought about

by the COVID-19 pandemic." *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL

3 – OPINION AND ORDER

6562311, at *2 (N.D. Cal. Nov. 9, 2020) (explaining that defendant failed to explain why he should be given "special or unique treatment.").

Additionally, even if the Court were to find extraordinary and compelling reasons, it would still deny Mr. Parker's motion based on the section 3553(a) factors. The nature of his offense is serious. Mr. Parker was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, an offense that impacted vulnerable Oregon communities already plagued by heroin addiction. Present. Invest. Rep. 5, ECF No. 298. Mr. Parker was responsible for over 566 grams of heroin. *Id.* at 2. Coupled with his criminal history, Mr. Parker's sentence of 110 months in prison is already below the sentencing guideline provision of 188-235 months. *Id.* at 1. Reducing Mr. Parker's sentence further would undermine the seriousness of the offense, respect for the law, and any afforded deterrence.

While the Court acknowledges that U.S.S.G. § 1B1.13 is not binding, Mr. Parker's failure to demonstrate that he is no longer a danger to the community correctly informs the Court's decision. Mr. Parker is serving a 110-month sentence for his third controlled substance felony. *Id.* His consistent criminal history, starting in 2002, is replete with assorted offenses involving drugs and violence. *Id.* at 8. These involve, but are not limited to, involuntary manslaughter, animal abuse, assault with a firearm, delivery of heroin within 1,000 feet of a school, and several instances of resisting arrest and refusing to cooperate with law enforcement. *Id.* at 8-13. Seeking drug and anger management treatment, Mr. Parker has utilized the available BOP programs, and he is currently awaiting placement in the Residential Drug and Alcohol Program. Def.'s Mot. Reduce Sent. 17. While the Court commends Mr. Parker on his efforts to better himself, he still presents a danger to the community. The Court finds that Mr. Parker, and the community, will benefit from his continued treatment under the services offered by the BOP for the full duration of his sentence.

## CONCLUSION

Mr. Parker's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i)

is DENIED.

IT IS SO ORDERED.


DATED this 8th day of August, 2022.

**/s/ Michael McShane**
Michael J. McShane
United States District Judge